**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| C.R.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Plaintiff C.R.M., natural mother and administrator of the estates of D.A.M., G.F.M., and S.T.M., by and through undersigned counsel, brings this Complaint against Defendant the United States of America.

I.   JURISDICTION AND VENUE ..........................................................................................1

II.  PARTIES.........................................................................................................................2
  A.   PLAINTIFF C.R.M..................................................................................................2
  B.   DEFENDANT...........................................................................................................2

III. STATEMENT OF FACTS ................................................................................................2

IV.  NEGLIGENCE..................................................................................................................4

V.   DAMAGES .......................................................................................................................5

VI.  PRAYER FOR RELIEF....................................................................................................6

VII. JURY TRIAL DEMAND ..................................................................................................6

## I.  JURISDICTION AND VENUE

1.  This action arises under the laws of the United States of America to redress violations of the Federal Tort Claims Act, 28 U.S.C. § 1346.

2.  In compliance with 28 U.S.C. § 2675, prior to filing this action, Plaintiff C.R.M. filed a Standard Form 95 (SF-95) which was received by the Department of the Navy, Torts Claim Unit, Norfolk, on December 17, 2018.

3.  On January 8, 2019, the Navy Torts Claim Unit requested additional documents from Plaintiff, which Plaintiff provided on April 18, 2019, and April 23, 2019.

4.  On November 12, 2019, more than six months after filing the SF-95, and having heard no response from the Department of the Navy regarding adjudication of the SF-95, Plaintiff filed the original complaint in this action.

5.  On February 20, 2020, the Department of the Navy denied Plaintiff's claim and issued a denial letter.

6.  Accordingly, Plaintiff's claim is ripe to be litigated in this Court pursuant to 28 U.S.C. §2675.

7.  Plaintiff certifies that she has complied with Virginia Code §8.01-20.1 by obtaining an expert witness opinion.

8.  Venue is proper in this district pursuant to 28 U.S.C. §1402(b) because the cause of action arose at the Naval Medical Center Portsmouth and at Langley Air Force Base Hospital, within the Eastern District of Virginia, Alexandria Division.

9.  Both Plaintiff C.R.M. and her spouse were active duty members of the United States Navy during the relevant time period alleged in this Complaint.

1

## II.   PARTIES

### A.   Plaintiff C.R.M

10.   Plaintiff C.R.M. is the natural mother of D.A.M., G.F.M., and S.T.M. Plaintiff CRM is the Administrator of the Estates of D.A.M., G.F.M., and S.T.M., having been so qualified in the Commonwealth of Virginia, Alexandria Circuit Court.

### B.   Defendant

11.   The Defendant, United States of America, is named herein pursuant to 28 U.S.C. § 1346, as the injuries and death of D.A.M., G.F.M., and S.T.M. were caused by the negligent and wrongful acts and omissions of officers, employees, and/or members of the United States Navy and Air Force acting in the line of duty within the scope of their offices and employment, under circumstances where the United States, if a private individual, would be liable under the laws of the State of Virginia.

## III.   STATEMENT OF FACTS

12.   On June 22, 2017, Trimble L. Spitzer, MD ("Dr. Spitzer") performed a medically negligent intrauterine insemination on C.R.M. during known ovarian hyperstimulation.

13.   Plaintiff discovered that she was pregnant with a home urine pregnancy test on July 4, 2017.

14.   Dr. Spitzer obtained quantitative hCG labs on July 10, 2017 and July 12, 2017, and routine follow up was scheduled at that time.

15.   On July 21, 2017, Plaintiff discovered that she was pregnant with quintuplets while at the Naval Medical Portsmouth Emergency Room.

16.   This quintuplet pregnancy was the result of Dr. Spitzer's negligent intrauterine insemination.

17.   Between July 21, 2017 and October 5, 2017, Plaintiff and her spouse attempted multiple times via verbal, telephonic, and written requests, to obtain specialized care at a location other than Naval Medical Center Portsmouth.

18.   These communications included engagement with the Department of Obstetrics and Gynecology (Christopher Ennen, MD, Timothy Sayles, MD and Kathryn Cook, RN), Patient Relations (Cheri Snaza), the Director of Business Administration (Matthew McLean, MD), and the commanding officer (Christopher Culp, MD).

19.   All of these parties denied a medical referral to a maternal fetal medicine physician with experience with high order multiples to manage the quintuplet pregnancy, thus delaying appropriate transfer of care and further jeopardizing the quintuplet pregnancy.

20.   On October 22, 2017, there was spontaneous abortion of two fetuses at 19 weeks gestational age.

21.   On November 15, 2017, D.A.M., G.F.M., and S.T.M. were born alive at only 23 weeks gestational age.

22.    On November 15, 2017, D.A.M., G.F.M., and S.T.M. died very shortly after birth due to extreme prematurity.

23.   D.A.M., G.F.M., and S.T.M. died due to extreme prematurity from a quintuplet pregnancy that was caused by the negligent intrauterine insemination performed by Dr. Spitzer and by the failure of the staff at Naval Medical Center Portsmouth to authorize and refer C.R.M. to an appropriate high order pregnancy obstetrical specialist.

24.   The medically negligent intrauterine insemination performed by Dr. Spitzer was in clear violation of established standard of care guidelines by the American College of Obstetrics and Gynecology.

25.   Dr. Spitzer did not counsel Plaintiff regarding the risk of a higher order pregnancy, despite Plaintiff's efforts to discuss such risks with Dr. Spitzer on multiple occasions.

26.   Dr. Spitzer failed to obtain written informed consent for the intrauterine insemination.

27.   The failure of the staff at Naval Medical Center Portsmouth to comply with the standard of care by authorizing and referring C.R.M. to an appropriate high order pregnancy obstetrical specialist put D.A.M., G.F.M., and S.T.M. at a higher risk for premature birth and subsequent death.

## IV.    NEGLIGENCE

28.   Plaintiff restates and incorporates by reference paragraphs 1 through and including 27 above as if fully set forth herein.

29.   As a provider of medical services to plaintiff, the United States and its agents, servants, or employees at Naval Medical Center Portsmouth and at Langley Air Force Base Hospital and its affiliates, including but not limited to Dr. Spitzer, Christopher Ennen, MD, Timothy Sayles, MD, Kathryn Cook, RN, Cheri Snaza, Matthew McLean, MD, and Christopher Culp, MD, had a duty to Plaintiff to provide her medical care consistent with the governing standard of medical care.

30.   A doctor-patient relationship existed between Plaintiff and Dr. Spitzer, creating various duties of care owed to Plaintiff.

4

31.    By virtue of this relationship, Dr. Spitzer had a duty to disclose all relevant facts and risks associated with Plaintiff's treatment.

32.    Plaintiff alleges that the agents, servants, or employees of the United States at Naval Medical Center Portsmouth and at Langley Air Force Base Hospital and its affiliates, including but not limited to Dr. Spitzer and her colleagues, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

      a.  Negligent intrauterine insemination

      b.  Negligent failure to obtain written informed consent for the intrauterine insemination

      c.  Negligent failure to counsel Plaintiff on risks of a higher order pregnancy

      d.  Negligent failure to refer Plaintiff to a maternal fetal medicine physician with experience with high order multiples to manage the quintuplet pregnancy

33.    Had the health care providers employed by the United States of America and their agents complied with the standard of care, D.A.M., G.F.M., and S.T.M. would not have died.


## V.    DAMAGES

34.    Plaintiff restates and incorporates by reference paragraphs 1 through and including 33 above as if fully set forth herein.

5

35.   As a direct and proximate result of the negligence and breach of duties as set forth above, D.A.M., G.F.M., and S.T.M. died on November 15, 2017.

36.   As a direct and proximate result of the negligence and breach of duties set forth above, Plaintiff has suffered the following damages:

    a.   Sorrow, mental anguish, lack of solace, lack of companionship, and lack of comfort of the Decedents.

    b.   Expenses for hospital care, burial, and funeral costs.

    c.   Such other general and special damages as may be shown at the trial of this matter.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff C.R.M., natural mother and administrator of the estates of D.A.M., G.F.M., and S.T.M., deceased, respectfully requests the Court grant judgment in her favor against the Defendant United States of America as follows:

    1.   Judgment in the sum of at least THREE MILLION DOLLARS ($3,000,000), with pre-judgment interest at the legal rate from November 15, 2017;

    2.   Judgment for court costs; and

    3.   Such other general and special relief as the Court may deem appropriate.

## VII.    JURY TRIAL DEMAND

Plaintiff C.R.M. demands jury trial on all claims alleged herein.

6

Respectfully submitted,

Dated: April 10, 2020

*/s/ Craig C. Reilly___*
Craig C. Reilly, Esq.
VSB# 20942
111 Oronoco Street
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com

Stephen S. Stallings, Esq.
PA ID No. 205131
The Law Offices of Stephen S. Stallings, Esq.
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
Tel:  (412) 322-7777
Fax: (412) 322-7773
attorney@stevestallingslaw.com

*Attorneys for Plaintiff*