IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| C.R.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-404 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO SUE ANONYMOUSLY
AND
MEMORANDUM IN SUPPORT**

PURSUANT TO Rules 5.2 and 10 and the Court's discretionary authority, Plaintiff, C.R.M., seeks leave to sue anonymously and to use her initials and the initials of her deceased minor children in all pleadings, motions, and other papers. The grounds for granting this relief are as follows:

1. C.R.M., the natural mother and administrator of the estates of her deceased minor children, D.A.M., G.F.M., and S.T.M., has sued Defendant, the United States of America, for medical malpractice.

2. C.R.M. alleges that she received negligent fertility treatment at military medical facilities in June 2017, which resulted in a quintuplet pregnancy.

3. At 19 weeks gestational age, a spontaneous abortion of two fetuses occurred.

4. On November 15, 2017, D.A.M., G.F.M., and S.T.M. were born alive at only 23 weeks gestational age but died later that day due to extreme prematurity.

1

5.	Previously, C.R.M., *pro se*, filed suit for these claims in this District. *C.R.M. v. United States*, No. 1:19-cv-1434-RDA-TCB (E.D. Va. filed Nov. 12, 2019). Her letter motion to seal the entire record was denied, but C.R.M. was granted leave to sue anonymously and to use her own and her deceased minor children's initials in all pleadings, motions, and other papers. *Id*. (Doc. 3). Counsel later entered an appearance for C.R.M. and, then voluntarily dismissed that action to address certain issues in a new action. *Id*. (Doc. 24 & 25).

6.	Under the rules, and "[u]nless the court orders otherwise," any filing that would contain the name of a minor may use "the minor's initials" instead. FED.R.CIV.P. 5.2(a)(3). Accordingly, C.R.M. has used, and should be allowed to continue to use, the initials of her deceased minor children.

7.	The rules state that the caption of the complaint "shall include the *names* of all the parties." FED.R.CIV.P. 10(a) (emphasis added). Generally, "Pseudonymous litigation undermines the public's right of access to judicial proceedings" because the public "has an interest in knowing the names of the litigants;" therefore, "disclosing the parties' identities furthers openness of judicial proceedings." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014) (citations omitted). Accordingly, a litigant's request to sue without disclosing her name requires that the Court balance the "litigant's stated need for anonymity against the public's countervailing interests in full disclosure and openness." *Id.* at 274 (citations omitted). Here, the balance strongly favors C.R.M.'s need for anonymity over the public's general interests in full disclosure and openness.

8.	The Fourth Circuit has outlined the analysis the district court must follow:

> The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons are committed in the first instance to trial court discretion. This implies, among other things, that though the general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure … it operates only as a presumption and not as an absolute, unreviewable license to deny. The rule rather

> is that under appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.
>
> \* \* \*
>
> Among [the factors to be considered] are the following … : [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5], relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993) (reversing interlocutory order denying plaintiffs' motion to proceed anonymously and remanding for reconsideration). Here, the pertinent factors (1, 3, 4, and 5) strongly favor allowing C.R.M. to proceed anonymously.

9. First, C.R.M. does not seek anonymity merely to avoid "annoyance and criticism;" rather, she seeks it "to preserve privacy in a matter of sensitive and highly personal nature"—a soul shattering family tragedy. Second, this tragedy implicates the privacy of her family, including the now deceased minor children. Third, although this action is against a governmental agency, the public's interest is in monitoring the government's conduct, not in knowing the names of the victims of the government's alleged negligence. *Cf. Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing student to sue state university pseudonymously to balance his interest in privacy against the public's interest in monitoring litigation involving alleged misconduct by state actors). Finally, there is no risk of unfairness to the government, which already knows these identities and can mount all legal and factual defenses unimpeded. Accordingly, the factors strongly favor allowing C.R.M. to sue anonymously.

WHEREFORE, C.R.M. seeks leave to sue anonymously and to be allowed to continue using the initials of her deceased minor children in all pleadings, motions, and other papers. A proposed order is submitted herewith.

*Plaintiff does not seek oral argument on this procedural motion.*

Respectfully submitted,

Dated: April 10, 2020

*/s/ Craig C. Reilly*___
Craig C. Reilly, Esq.
VSB# 20942
111 Oronoco Street
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Attorney for Plaintiff*

*Of Counsel for Plaintiff:*
Stephen S. Stallings, Esq.
PA ID No. 205131
The Law Offices of Stephen S. Stallings, Esq.
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
Tel: (412) 322-7777
Fax: (412) 322-7773
attorney@stevestallingslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I served a copy of this motion on Defendant.

*/s/ Craig C. Reilly*___
Craig C. Reilly, Esq.
VSB# 20942
111 Oronoco Street
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Attorney for Plaintiff*