UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| C.R.M., | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| v. | ) No. 1:20-CV-00404-AJT-IDD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| *Defendant.* | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff, C.R.M., moves the Magistrate Judge to reconsider and vacate the order entered January 5, 2021 (Doc. 66) denying the government's motion to seal (Doc. 56), which C.R.M. supported (Doc. 59). The Magistrate Judge ruled that sealing was not necessary or appropriate because C.R.M.'s privacy interests were already being adequately protected by the previously entered order (Doc. 5) allowing her to proceed anonymously (Doc. 66, *Order* at 2). In addition, apparently applying the First Amendment sealing standard, the Magistrate Judge found that C.R.M.'s privacy interests did not outweigh the public's "strong interest" in monitoring the actions of the government at issue in this Federal Tort Claims Act case (*Id*. at 3). C.R.M. now seeks reconsideration and vacation of that order.

Under Rule 54(b), the Court has "plenary power" to reconsider and revise an interlocutory order for reasons that are just. As shown below, the order denying sealing should be reconsidered and vacated, and sealing should be allowed, because none of the sealed exhibits (and corresponding redacted text) were relied upon to adjudicate substantive rights. The sealed and redacted papers were filed in connection with the government's renewed motion to dismiss, which was still pending when the order denying sealing was entered on January 5th. Since that order was

1

entered, however, the case has settled and is being dismissed without adjudication of the government's renewed motion to dismiss.  That is a significant change in circumstances that warrants reconsideration.

Under Fourth Circuit law, "documents filed with a motion to dismiss that … do not play any role in the adjudicative process … retain their status as discovery materials and therefore are not subject to the First Amendment guarantee of access."  *In re Policy Management Sys. Corp.*, No. 94-2254, 67 F.3d 296 (table), 1995 U.S. App. LEXIS 25900, *11 (4th Cir. 1995) (reversing order unsealing exhibits filed in connection with motion to dismiss but not relied upon) ("*PMSC*"). Moreover, "public access to documents that a court did not consider would not 'play a significant positive role in the functioning of the particular process in question,'" and therefore may remain sealed.  *Id*. (citations omitted).  Accordingly, now that the case has been resolved without any adjudication of substantive rights, and without any reliance on the sealed exhibits and redacted text, those sealed and redacted papers may remain under seal.

As shown in **Section I**, the Magistrate Judge has plenary authority to reconsider an interlocutory order he has entered.  And as shown in **Section II**, the settlement of the case without adjudication of the government's renewed motion to dismiss justifies reconsideration and vacation of the unsealing order because no right of access has been triggered.

## I.	THE STANDARD FOR RECONSIDERATION.

A motion for reconsideration of an interlocutory order is governed by Rule 54(b).  *Netscape Comm. Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 546 (E.D. Va. 2010).  Under Rule 54(b), any order that "adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *accord Netscape*, 704 F. Supp. 2d at 546-47 (quoting *American Canoe*).  Rather, the Court has "plenary power" to reconsider and revise its interlocutory orders. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472–73 (4th Cir. 1991).  The moving party "is not required to make a showing of extraordinary circumstances.  Instead, the goal here 'is to reach the correct judgment under law.'" *Netscape*, 704 F. Supp. 2d at 547 (quoting *American Canoe*).  While a district court has "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light," the district court's discretion to reconsider and revise an interlocutory ruling "is not limitless," and has been "cabined" because "interlocutory rulings [are treated] as law of the case." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).  Generally, then, to warrant reconsideration and revision of an interlocutory ruling under Rule 54(b), the movant must show "(1) … substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256-58 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325).  Nonetheless, "while doctrines such as law of the case guide a district court's discretion to reconsider an earlier [interlocutory order], it is clear that '[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Netscape*, 704 F. Supp. 2d at 547 (quoting *American Canoe*).  Under these standards, C.R.M. submits that the Magistrate Judge should reconsider and vacate the January 5th order unsealing the motion to dismiss papers.[1]

---

[1]  The authority to reconsider an interlocutory order is invested in the Magistrate Judge assigned to the case and may be exercised by the Magistrate Judge to the same extent as by the District Judge.  *See*, *e.g.*, *Wang Labs., Inc. v. America Online, Inc.*, 1998 U.S. Dist. LEXIS 6798 (E.D. Va.

As shown in **Section II** below, the exhibits at issue have not become "judicial records" and may remain sealed under the "good cause" standard. When the Magistrate Judge entered the unsealing order on January 5th, the government's motion to dismiss was pending, and it appeared that the sealed exhibits would play a substantive role in the adjudication of the parties' rights, and thereby become "judicial records" that are subject to the First Amendment right of access. Now that the case has settled and dismissal is pending, it is indisputable that the sealed exhibits have not, and will not, become "judicial records," that they are not subject to either the First Amendment or common law right of access, and that they may remain sealed for "good cause."

## II.    DOCUMENTS FILED IN CONNECTION WITH A MOTION TO DISMISS THAT ARE NOT RELIED UPON MAY REMAIN UNDER SEAL.

Despite being filed, the sealed exhibits never became "judicial records" because the government's renewed motion to dismiss was not adjudicated and none of the exhibits was relied upon to adjudicate substantive rights. The mere filing of those exhibits does not make them "judicial records," or make them subject to the First Amendment or common law right of access. Accordingly, those sealed exhibits and the corresponding redacted text may remain under seal for "good cause."

As the Supreme Court and Fourth Circuit have held, public access to court records is "not absolute." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Instead, the Court should weigh certain factors:

> The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. The Supreme Court has suggested that the factors to be

---

1998); *accord Mansoor v. County of Albemarle*, 2001 U.S. Dist. LEXIS 8386 (W.D. Va. 2001). However, out of an abundance of caution, if the Magistrate Judge does not enter an order reconsidering and vacating the January 5th order prior to January 19, 2021, C.R.M. may file a precautionary objection under Rule 72(a) to seek review by the District Judge. Moreover, the arguments made herein apply equally to the pending motions to seal that have not been ruled upon (Doc. 63 & 68).

> weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*Knight*, 743 F.2d at 235 (citation omitted).  Another of the important, "competing interests" that justify sealing court records are a litigant's privacy interests, which may outweigh the public's interest in accessing judicial records, and thereby prevent publication of private, "painful," and highly personal "details" of a case.  *Warner Comm.*, 435 U.S. at 598.  The exhibits and information at issue fall into this category (*see* Doc. 59, *C.R.M. Sealing Response* at 5).  In the current posture of the case, C.R.M.'s privacy interests now outweigh any competing interests.

Generally, the law presumes a public right of access to "judicial records."  *See Warner Comm.*, 435 U.S. at 597.  "The right of access to documents or materials filed in district court derives from two independent sources: the common law and the First Amendment."  *Va. Dep't of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005).  Whether the common law or First Amendment right of access applies depends on the nature of the judicial proceeding for which the filing has been made:  The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with dispositive motions in civil cases.  *Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).  Ordinarily, then, "[t]he first question in any case involving a denial of public access to judicial proceedings or materials is whether the First Amendment right of access extends to the type of proceeding or materials to which access is sought."  *In re Washington Post*, 807 F.2d 383, 388 (4th Cir. 1986).  Here, however, the first question is whether the exhibits at issue have even become "judicial records."  They have not.

The law is well-settled that civil discovery materials are not inherently "judicial records." "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Moreover, civil discovery generally is "conducted in private as a matter of modern practice," *id*. at 33, and discovery materials are not filed as a matter of course, FED.R.CIV.P. 5(d). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33-35. Thus, the sealed exhibits and corresponding redacted information at issue are the "raw fruits" of compulsory civil discovery, which are not inherently "judicial records."

Confidential discovery materials do not become "judicial records" simply because a litigant has filed them in connection with a dispositive pretrial motion. As the Fourth Circuit has held, "Neither the Supreme Court nor this Court has ever ruled that the mere filing of a document triggers the First Amendment guarantee of access." *PMSC*, 1995 U.S. App. LEXIS 25900 at *9. In *PMSC*, as here, sealed documents were "filed as exhibits [in connection with] a motion to dismiss … but the court did not consider them in ruling on the motion." *Id*. at *2. Because of that, the Fourth Circuit held "that such documents are not entitled to a presumption of public access under either the common law or the First Amendment." *Id*. The same reasoning applies here.

The Fourth Circuit cogently explained its reasoning:

> Because documents filed with a motion to dismiss that are excluded by the court do not play any role in the adjudicative process, we find that the documents essentially retain their status as discovery materials and therefore are not subject to the First Amendment guarantee of access. Moreover, public access to documents that a court did not consider would not "play a significant positive role in the functioning of the particular process in question."

*Id*. at * 11 (citation and footnote omitted). Under this test, therefore, the sealed exhibits are not subject to the First Amendment right of access upon the government's mere filing of them in connection with a dispositive motion.

Furthermore, with the settlement and pending dismissal of the action, the sealed exhibits will never become "judicial records" because they will not be relied upon to adjudicate substantive rights.  "[T]he mere filing of a document with a court does not render the document judicial." *PMSC*, 1995 U.S. App. LEXIS 25900 at *13.  Rather, "a document becomes a judicial document when a court uses it in determining litigants' substantive rights.  Therefore, we conclude that a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach." *Id.* (citation omitted); *accord United States v. Appelbaum (In re United States)*, 707 F.3d 283, 290-91 (4th Cir. 2013) ("documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights"). That being so, these sealed exhibits did not become "judicial records" because they were not used to adjudicate substantive rights.  Thus, the sealed exhibits and the corresponding redacted text are not subject to the common law right of access, either.

When neither the First Amendment nor common law right of access applies to materials filed in connection with a pretrial motion, they may be sealed for "good cause" under Rule 26(c). *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-14 (1st Cir. 1986).  C.R.M. submits that the "good cause" standard applies here.

To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In Re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998).  "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35 n.21 (explaining Rule 26(c)).  Thus, protecting C.R.M.'s privacy interests constitute "good cause" under Rule 26(c).

It is well-understood that civil discovery often invades and may "seriously implicate privacy interests of litigants." *Seattle Times*, 467 U.S. at 35. That happened here. As shown in C.R.M.'s sealing response (Doc. 59, at 5), the information contained in the sealed exhibits, and the corresponding redacted text, constitute personal information that is "private or intimate," which, once discovered, may nonetheless be shielded from public disclosure under Rule 26(c). *See id.* at 30, 33-35. Thus, the "good cause" standard is satisfied, and these confidential medical records and other materials, which contain Plaintiff's intensely private family, health, and medical history information, should be protected through a sealing order.

Moreover, even if the Court determines that the sealed exhibits should be considered "judicial records" and that a common law right of access applies, the common law standard may be overcome by showing that public disclosure of this information would cause harm to C.R.M. In general, "the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. Exercising supervisory power over judicial records is committed to the "sound discretion" of the district court, which is to be "exercised in light of the relevant facts and circumstances of the particular case." *Warner Comm.*, 435 U.S. at 598-99. Protecting a litigant's privacy interests to prevent dissemination of private, "painful," and highly personal "details" of a case is a well-recognized justification for sealing notwithstanding the common law right of access. *Id.* at 598. Thus, to overcome the common law right of access, C.R.M. need only show that these sealed materials contain private and painful details concerning her health and the deaths of her three minor children, which showing is made in C.R.M.'s previously filed sealing response (Doc. 59). Accordingly, the necessary showing has been made to keep these exhibits under seal, the common law right of access notwithstanding.

**CONCLUSION**

In the January 5th order, the Magistrate Judge seemed to apply the First Amendment right of access standard for sealing (Doc. 66).  As shown above, neither the First Amendment nor common law right of access applies because the sealed exhibits have not been, and will not be, relied upon to adjudicate substantive rights.  Rather, C.R.M. submits that the sealed exhibits retain their status discovery materials, which may be sealed upon a showing of "good cause."  C.R.M. has satisfied the good cause standard by showing that the information at issue is intensely personal, private, and painful health and medical information, and that public disclosure of this information would invade her privacy.  Accordingly, C.R.M. respectfully requests that the Magistrate Judge reconsider and vacate the January 5th order, and enter a revised order allowing the sealed exhibits and redacted text to remain under seal.

Respectfully submitted,

Dated: January 14, 2021

*/s/ Craig C. Reilly*
Craig C. Reilly, Esq.
VSB# 20942
209 Madison St., Suite 501
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Attorney for Plaintiff*

*Of Counsel for Plaintiff:*
Stephen S. Stallings, Esq. (*pro hac vice*)
PA ID No. 205131
The Law Offices of Stephen S. Stallings, Esq.
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
Tel:  (412) 322-7777
Fax: (412) 322-7773
attorney@stevestallingslaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 14, 2021, I filed the forgoing pleading or paper through the CM/ECF system, which served a copy of this paper on Defendant.

*/s/ Craig C. Reilly*
Craig C. Reilly, Esq.
VSB# 20942
209 Madison Street, Suite 501
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Attorney for Plaintiff*